IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01445-RMR-NYW

ISMELDO ARREDONDO,

    Plaintiff,

v.

STEVE REAMS,
TRAVIS POLK,
TERRI, NP, and
DUSTIN, RN ADMINISTRATION,

    Defendants.

## ORDER AND RECOMMENDATION

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff Ismeldo Arredondo's ("Plaintiff" or "Mr. Arredondo")'s failure respond to this court's Order to Show Cause dated September 13, 2021; failure to appear at a court-ordered Status Conference on September 9, 2021; and purported failure to prosecute.

Mr. Arredondo is proceeding in this matter *pro se*. At the time he initiated this lawsuit on May 20, 2020, Mr. Arredondo was in the custody of the Weld County Jail. [Doc. 1 at 3]. On January 5, 2021, this court convened a Telephonic Status Conference during which it discussed with counsel where Plaintiff was located. [Doc. 57]. The court then ordered Defendants to file a Status Report as to the location of Mr. Arredondo. [*Id.*]. Defendant Reams filed a Status Report indicating that Mr. Arredondo was still located at the Weld County Jail. [Doc. 61]. That same day, Mr. Arredondo submitted a letter to the court indicating that the Weld County officials would not honor the orders of the court to make him available for court conferences. [Doc. 62]. The

court then held a Status Conference with Plaintiff and counsel for Defendants on January 25, 2021, during which this court specifically advised Plaintiff to alert the court of his new address once he was transferred into custody of the Colorado Department of Corrections ("CDOC"). [Doc. 65]. On April 8, 2021, Plaintiff filed a Notice of Change of Address informing the court that he had been transferred to the Denver Reception and Diagnostic Center ("DRDC"). [Doc. 78]. Since that time, the Clerk of Court has been sending this court's orders to Plaintiff at that address, none of which have been returned as undeliverable. *See, e.g.*, [Doc. 86; Doc. 91; Doc. 96; Doc. 99].

Most recently, this court set a Telephonic Status Conference for September 9, 2021 at 1:00 P.M. to discuss two pending Motions to Compel filed by Defendants. *See* [Doc. 89; Doc. 93].[1] Mr. Arredondo received two notices of this Status Conference. [Doc. 91; Doc. 96]. When the court convened for the Telephonic Status Conference on September 9, Mr. Arredondo was not present. [Doc. 97]. Mr. Arredondo did not, to the best of the court's knowledge, contact chambers to inform the court of any technical difficulties or other impediments that would prevent him from participating in the Status Conference. In addition, Mr. Arredondo did not inform the court of a change in his address. However, although none of the legal mail sent to Mr. Arredondo at DRDC had been returned as undeliverable, this court conducted an independent review of the CDOC's "Offender Search" after Mr. Arredondo's failure to appear, which indicated that Mr. Arredondo is

---

[1] Defendants Terri, NP and Dustin, RN Administration filed the Turn Key Defendants' Motion to Compel on August 23, 2021. [Doc. 89]. This court issued a Minute Order setting the September 9 Status Conference to discuss that motion. [Doc. 91]. Then, on September 1, 2021, Defendant Reams filed a Motion to Compel Discovery Responses from Plaintiff from Defendant Steve Reams. [Doc. 93]. This court then issued a second Minute Order instructing the Parties that this second motion to compel would also be discussed at the Status Conference. [Doc. 95].

no longer housed at DRDC, but rather at the Colorado Territorial Correctional Facility ("CTCF"). *See* [Doc. 98 at 2-3].[2]

On September 13, 2021, this court ordered Plaintiff to show cause, in writing, on or before September 27, 2021 why this court should not recommend that this case be dismissed for failure to comply with the Local Rules, failure to follow a court order, and failure to prosecute. [*Id.* at 5]. This court mailed the Order to Show Cause to Plaintiff at both DRDC and CTCF, [*id.*], and this mail has not been returned as undeliverable. However, Mr. Arredondo did not respond to the Order to Show Cause by the court's deadline.

## ANALYSIS

Local Rule of Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. In addition, Local Rule 5.1 requires that "[n]otice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change." D.C.COLO.LCivR 5.1(c). Mr. Arredondo's *pro se* status does not exempt him from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). In addition, the court plays a neutral role in the litigation process and cannot assume the role of an advocate for Mr. Arredondo. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

---

[2] This court's most recent review of the Offender Search confirms that Mr. Arredondo remains at CTCF.

First, the court finds that Mr. Arredondo has failed to comply with Local Rule 5.1. Although it is not clear on which date Mr. Arredondo was transferred from DRDC, more than five days have passed since this court issued its Order to Show Cause, wherein it acknowledged that Mr. Arredondo's address of record was outdated. *See* [Doc. 98 at 3]. Thus, the court concludes that more than five days have passed since Mr. Arredondo's address has changed, but he has not filed a notice of change of address as required by the Local Rules. "Just as Defendants are burdened by Plaintiff's failure to provide a current address . . . so, too, is the Court." *Almeyda v. Peterson*, No. 08-cv-01778-ZLW-KLM, 2009 WL 1396262, at *3 (D. Colo. May 15, 2009). Mr. Arredondo's failure to follow the Local Rules provides a basis for dismissal of this case without prejudice. *See Fogle v. Bonner*, No. 09-cv-00962-WYD-BNB, 2010 WL 1780825, at *1 (D. Colo. Feb. 23, 2010), *report and recommendation adopted*, 2010 WL 1780820 (D. Colo. Apr. 30, 2010) (recommending that a case be dismissed due to, in part, the plaintiff's failure to file a notice of change of address).

In addition, the court finds that Mr. Arredondo's lack of engagement in this case demonstrates a failure to prosecute this matter. Indeed, Mr. Arredondo's failure to respond to court orders and apparent failure to respond to Defendants' discovery [Doc. 89; Doc. 93] has hampered the court's ability to proceed efficiently. In their respective Motions to Compel, Defendants indicate that they have properly served Mr. Arredondo with discovery requests to which he has not responded, resulting in the inability to progress in this action. *See, e.g.*, [Doc. 89 at ¶¶ 12-13 ("Defendants cannot properly defend against Plaintiff's claims without Plaintiff's cooperation in discovery. . . . Plaintiff's responses to Defendants' discovery requests are essential to the preparation of Defendants' Motions for Summary Judgment and for trial.")]; [Doc. 93 at 6 ("[T]he Sheriff is hampered from elucidating facts supporting his anticipated motion for summary

judgment, nor can the Sherriff prepare his case for trial. . . . Plaintiff's failure to [respond to discovery] jeopardizes the parties' ability to meet the Court's deadlines in the Scheduling Order.")]. The court extended certain deadlines in this matter to account for the delays in discovery in this case. And because nothing in the record suggests that Mr. Arredondo did not receive copies of Defendants' respective discovery requests that were sent, this court can only conclude that Plaintiff's failure to respond to discovery is intentional, thus akin to a failure to prosecute this case. *See Exterior Experts, Inc. v. Nationwide Ins. Co. of Am.*, No. 19-cv-01526-WJM-NYW, 2020 WL 9424330, at *2 (D. Colo. Mar. 18, 2020), *report and recommendation adopted*, 2020 WL 9424254 (D. Colo. Apr. 8, 2020) (recommending that the case be dismissed without prejudice for failure to prosecute based in part on the plaintiff's failure to respond to discovery).

Finally, by failing to appear at the September 9, 2021 Telephonic Status Conference and failing to respond to this court's Order to Show Cause, which was sent not only to his address on the docket, but also to the facility that the CDOC Inmate Locator indicates is associated with him, Mr. Arredondo has violated multiple court orders in this case. A plaintiff's failure to follow court orders can lead to sanctions, including dismissal of an action. *See Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002). Under Rule 1 of the Federal Rules of Civil Procedure, this court is charged with administering the Federal Rules of Civil Procedure and this matter "to secure the just, speedy, and inexpensive determination of every action and proceeding." Without action from Plaintiff, the court is unable to fulfill this function. Given Plaintiff's failure to comply with orders of this court and this District's Local Rules, the court thus finds that dismissal of this civil action without prejudice for lack of prosecution is appropriate. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *see*

*also Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir. 1948) (noting a district court's inherent power to dismiss an action for failure to prosecute). Accordingly, this court respectfully **RECOMMENDS** that this case be **DISMISSED without prejudice** for failure to prosecute. *See Coad v. Waters*, No. 11-cv-01564-PAB-CBS, 2013 WL 1767788, at *3 (D. Colo. Apr. 5, 2013), *report and recommendation adopted*, 2013 WL 1767786 (D. Colo. Apr. 24, 2013) (recommending dismissal without prejudice based on the plaintiff's failure to file a notice of change of address, failure to respond to an order to show cause, failure to comply with the Local Rules, and failure to prosecute).

Also pending before this court are Defendants' Motions to Compel, [Doc. 89; Doc. 93], which have been referred to the undersigned for disposition. [Doc. 90; Doc. 94]. Given Mr. Arredondo's failure to respond to the Order to Show Cause, his failure to update the court as to his mailing address, his failure to prosecute, and this court's conclusion that dismissal without prejudice is appropriate, this court will **DENY** the Motions to Compel **AS MOOT**, subject to re-filing if appropriate.

For these reasons, this court respectfully **RECOMMENDS** that:

(1) This case be **DISMISSED without prejudice** for failure to prosecute.[3]

---

[3] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate

Further, it is **ORDERED** that:

(1)   Turn Key Defendants' Motion to Compel [Doc. 89] is **DENIED as moot**, subject to re-filing if appropriate;

(2)   The Motion to Compel Discovery Responses from Plaintiff from Defendant Steve Reams [Doc. 93] is **DENIED as moot**, subject to re-filing if appropriate; and

(3)   A copy of this Order and Recommendation, marked as legal mail, shall be sent to:

Ismeldo Arredondo, #190350
Denver Reception & Diagnostic Center (DRDC)
P.O. Box 392004
10900 Smith Road
Denver, CO 80239

and

Ismeldo Arredondo, #190350
Colorado Territorial Correctional Facility (CTCF)
P.O. Box 1010
Canon City, CO, 81215-1010[4]

DATED: October 4, 2021

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

[4] This court previously sent its Order to Show Cause to Plaintiff at both addresses, neither of which were returned as undeliverable. [Doc. 96].