IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01445-RMR-NYW

ISMELDO ARREDONDO,

    Plaintiff,

v.

STEVE REAMS,
TRAVIS POLK,
TERRI, NP, and
DUSTIN, RN ADMINISTRATION,

    Defendants.

## ORDER ON MOTION TO STAY

Magistrate Judge Nina Y. Wang

This matter comes before this court on Defendants' Joint Motion to Stay Scheduling Order Deadlines Pending Ruling from District Court on Magistrate Judge's Order and Recommendation of Dismissal for Failure to Prosecute (the "Motion" or "Motion to Stay") [Doc. 105] filed on January 24, 2022 by Defendants Steve Reams; Travis Polk; Terri, NP; and Dustin, RN Administration (collectively, "Defendants"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated August 24, 2020 [Doc. 17], and the Memorandum dated January 24, 2022. [Doc. 106]. Upon review of the Motion, the entire court docket, and the applicable case law, the Motion to Stay is **GRANTED**.[1]

## BACKGROUND

This court has already set out the factual and procedural background of this case in detail, *see, e.g.*, [Doc. 44; Doc. 98; Doc. 100], and does so again here only as necessary to rule on the

---

[1] Although the time period for filing a response has not yet lapsed, a court may rule on a motion at any time after it is filed. *See* D.C.COLO.LCivR 7.1(d).

instant Motion. Plaintiff Ismeldo Arredondo ("Plaintiff" or "Mr. Arredondo") initiated this action by filing his pro se prisoner Complaint on May 20, 2020, alleging violations of his constitutional rights by Defendants, and others, for alleged inadequate medical treatment received at the Weld County Jail as a pretrial detainee. *See generally* [Doc. 1]. Upon filing an Amended Complaint, [Doc. 8], the case was drawn to the Honorable William J. Martínez, who referred the matter to the undersigned. [Doc. 13; Doc. 17]. The case was subsequently re-assigned to the Honorable Regina M. Rodriguez upon her appointment to the bench. [Doc. 83]. On January 25, 2021, this court held a Status Conference at which it set discovery deadlines in this case. *See* [Doc. 65].

On August 23, 2021, Defendants filed a motion to modify the Scheduling Order. [Doc. 87]. This court set a Telephonic Status Conference on the motion for September 9, 2021, and notice of the Status Conference was mailed to Plaintiff at his provided address—the Denver Reception and Diagnostic Center ("DRDC"). [Doc. 91]. Plaintiff did not appear at the Status Conference, *see* [Doc. 97 at 1], at which time the court re-set certain discovery deadlines pursuant to Defendants' motion; relevant here, the court set the discovery deadline for January 24, 2022 and the dispositive motions deadline for March 4, 2022. [*Id.*].

This court issued an Order to Show Cause on September 13, 2021, ordering Plaintiff to show cause by September 27, 2021 why this court should not recommend that this case be dismissed without prejudice for failure to prosecute. [Doc. 98 at 5]. The court noted that, although none of the legal mail sent to Mr. Arredondo at DRDC had been returned as undeliverable, this court conducted an independent review of the CDOC's "Offender Search" after Mr. Arredondo's failure to appear, which indicated that Mr. Arredondo is no longer housed at DRDC, but rather at the Colorado Territorial Correctional Facility ("CTCF"). [*Id.* at 2-3].

2

The Order to Show Cause was mailed to Plaintiff at both DRDC and CTCF, *see* [*id.* at 5], but Mr. Arredondo did not respond to the Order to Show Cause.

Because Mr. Arredondo did not respond to the court's order, the court recommended that this case be dismissed without prejudice for failure to prosecute. [Doc. 100 at 6-7]. In so doing, the court advised Mr. Arredondo that he could object to the Recommendation within 14 days of service of the Recommendation. [*Id.* at 6 n.3]. The court's Recommendation was mailed to Mr. Arredondo at both DRDC and CTCF, [*id.* at 7], and this mail was not returned to the court as undeliverable. However, Mr. Arredondo did not object to the undersigned's Recommendation, which remains pending before the presiding judge.

Defendants moved to stay the discovery and dispositive motions deadline on January 24, 2022, pending the presiding judge's ruling on the Recommendation. [Doc. 105 at 1]. Defendants argue that, given Plaintiff's lack of participation in this case, they cannot engage in discovery and thus cannot prepare their defenses for dispositive motions and/or trial. [*Id.* at ¶ 8]. They assert that a stay of the discovery and dispositive motions deadline is thus warranted pending Judge Rodriguez's ruling on the Recommendation. [*Id.* at ¶ 9]. I consider this argument below.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

3

Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the court (the "*String Cheese* factors"). *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Notably, courts in this District generally disfavor the stay of all discovery. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

## ANALYSIS

Defendants seek to stay discovery in the instant action pending resolution of their Motion to Dismiss, arguing that the *String Cheese* factors weigh in favor of a stay. [Doc. 105 at ¶¶ 18-23]. In addition, they argue that their request is also governed by Rule 26(c)(1) of the Federal Rules of Civil Procedure, which governs the issuance of protective orders. [*Id.* at ¶¶ 14-17, 24]. The court considers the *String Cheese* factors below.

4

***Plaintiff's Interest in Proceeding Expeditiously***.  Defendants argue that the first *String Cheese* factor heavily weighs in favor of a stay because, given Plaintiff's lack of participation in this case, his interest in going forward with this litigation "appears marginal" and does not outweigh "Defendants' right to have entitlement to dismissal of this lawsuit determined as raised in a currently pending Recommendation." [*Id.* at ¶ 19].

In general, plaintiffs "undoubtedly" have an interest in proceeding expeditiously with their claims.  *Sanchez v. City & Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020).  However, while the court acknowledges that plaintiffs generally have an interest in timely and efficiently pursuing their claims, Mr. Arredondo has seemingly not participated in this litigation since April of 2021, *see* [Doc. 82], and did not object to this court's Recommendation that this case be dismissed without prejudice.  The court thus agrees that Plaintiff's conduct in this case does not evidence a strong intent to vigorously pursue this litigation; indeed, Plaintiff's own failure to participate in this case has effectively brought this litigation to a standstill.  *See* [Doc. 98 at 3-4 (explaining how Plaintiff's failure to participate in discovery has hampered the progression of this case)].  In light of Plaintiff's non-participation in this lawsuit, the court finds that any interest Plaintiff has in proceeding expeditiously with this litigation is outweighed by the other *String Cheese* factors discussed below.  *Cf. Davis v. Fed. Bureau of Prisons*, No. 15-cv-00884-WJM-MJW, 2018 WL 10466848, at *2 (D. Colo. May 30, 2018) (finding that a plaintiff's interest in proceeding expeditiously was outweighed by the burden on the defendant where the plaintiff was refusing to respond to discovery requests and where a pending dispositive motion could resolve the case); *see also Antonopoulos v. Olguin-Fresquez*, No. 19-cv-00327-RM-NYW, 2019 WL 2648750, at *2 (D. Colo. May 29, 2019),

*report and recommendation adopted*, 2019 WL 2642829 (D. Colo. June 27, 2019) (recommending a stay of discovery upon recommending dismissal for failure to prosecute).

**The Burden on Defendants**.  As to the second *String Cheese* factor, Defendants argue that they will be burdened if required to proceed with discovery and with drafting dispositive motions because the presiding judge "might dismiss the entire action against Defendants." [Doc. 105 at ¶ 20].  While "[d]efendants are always burdened when they are sued," *Chavez v. Young Am. Ins. Co.*, No. CIVA 06-cv-02419-PSF-BNB, 2007 WL 683973, at *3 (D. Colo. Mar. 2, 2007)*, and typically, "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens," *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011), this case presents unique circumstances, as Plaintiff has failed to participate in and prosecute this case, which led to this court's Recommendation of dismissal. *See generally* [Doc. 100].  Although the court cannot prognosticate how Judge Rodriguez will rule on the pending Recommendation, the court nevertheless finds that requiring Defendants to proceed with discovery in light of the Recommendation may result in a waste of time and resources.  *Cf. Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021) (finding that, although the defendants had not demonstrate that proceeding with discovery would present an *undue* burden, finding that the second *String Cheese* factor nevertheless weighed in favor of a stay where discovery "could be wasteful").  I find that this factor weighs in favor of a stay.

**The Convenience to the Court**.  The third *String Cheese* factor, convenience to the court, favors a stay.  Although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No.

07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), this court has already recommended that this case be dismissed for failure to prosecute.  *See* [Doc. 100].  A stay of discovery would conserve judicial resources in that it would obviate the need for the court to entertain and rule on any future requests to amend the Scheduling Order or any dispositive motions filed pursuant to the current deadlines.  For these reasons, I find that factor three weighs in favor of granting the stay.

*Interests of Non-Parties*.  As to the fourth *String Cheese* factor, Defendants argue that a stay will benefit, *inter alia*, Defendants' "potential Rule 30(b)(6) designees and Defendant[s'] staff or supervisors," as these non-parties have an interest in not being required to participate in discovery while the Recommendation is pending.  [Doc. 105 at ¶ 22].  While the court agrees that, generally, non-parties would benefit from not being required to participate in discovery in a case that may be dismissed, the interests identified by Defendants here are "not sufficiently significant or particularized to warrant such consideration."  *Hoang v. O'Rourke*, No. 18-cv-01755-RM-KLM, 2018 WL 11372178, at *2 (D. Colo. Dec. 17, 2018).  Indeed, absent any specifically identified non-party interests, the court is without sufficient information to determine whether these interests weigh in favor of or against a stay.  Accordingly, I find this factor is neutral.  *See Simental v. State Auto. Mut. Ins. Co.*, No. 21-cv-01725-CMA-NYW, 2021 WL 4947285, at *4 (D. Colo. Aug. 18, 2021) (finding the interests of non-parties neutral where there were no identified non-parties in interest); *Genscape, Inc. v. Live Power Intel. Co. NA, LLC*, No. 18-cv-02525-WYD-NYW, 2019 WL 78933, at *3 (D. Colo. Jan. 2, 2019) (Where "it is unclear to what extent the interests of nonparties will be impacted by discovery in this matter," the fourth *String Cheese* factor "neither favors nor counsels against a stay.").

*The Public Interest*. Finally, Defendants argue that the public interest weighs in favor of a stay because avoiding a waste of judicial resources is in the public interest. [Doc. 105 at ¶ 23]. The court agrees. While the public has a "strong interest . . . in general regarding the prompt and efficient handling of all litigation," *Wells*, 2011 WL 2516390, at *2, "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc*., No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). Moreover, at least one Defendant is a government official, and there exists "a public interest in conserving public resources and the efficient functioning of government." *Eggert ex rel. Eggert v. Chaffee Cty., Colo.*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *4 (D. Colo. Aug. 25, 2010.) The court finds that the fifth *Sting Cheese* factor weighs in favor of a stay.

The court recognizes that this District generally disfavors stays of discovery. *Wason Ranch Corp.*, 2007 WL 1655362, at *1. However, the court finds that in light of the unique circumstances of this case, the balance of the *String Cheese* factors weighs in favor of staying the remaining discovery deadlines pending resolution of the pending Recommendation. And because the court finds that the *String Cheese* factors weigh in favor of a stay of such deadlines, the court does not reach Defendants' Rule 26(c)(1) argument. Accordingly, for the reasons set forth herein, the Motion to Stay is **GRANTED**. The discovery and dispositive motion deadlines are hereby **STAYED** pending the resolution of the Recommendation [Doc. 100].

**CONCLUSION**

For these reasons, **IT IS ORDERED** that:

(1) Defendants' Joint Motion to Stay Scheduling Order Deadlines Pending Ruling from District Court on Magistrate Judge's Order and Recommendation of Dismissal for Failure to Prosecute [Doc. 105] is **GRANTED**;

(2) The discovery and dispositive motions deadlines are hereby **STAYED** pending resolution of the pending Recommendation [Doc. 100];[2] and

(3) A copy of this Order, marked as legal mail, shall be sent to:

Ismeldo Arredondo, #190350
Denver Reception & Diagnostic Center (DRDC)
P.O. Box 392004
10900 Smith Road
Denver, CO 80239

and

Ismeldo Arredondo, #190350
Colorado Territorial Correctional Facility (CTCF)
P.O. Box 1010
Canon City, CO, 81215-1010[3]

DATED: January 24, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[2] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

[3] This court previously sent its Order to Show Cause and Recommendation to Plaintiff at both addresses, neither of which were returned as undeliverable. [Doc. 96; Doc. 100].